UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS L. O'NEIL,

               Plaintiff,                       Case Number 03-10001
                                                  Honorable David M. Lawson

v.

JEFFREY P. KISER, ROBERT STUMPENHAUS
a/k/a THOMAS WALKER, the UNITED STATES
DEPARTMENT OF TREASURY - BUREAU OF
ALCOHOL, TOBACCO AND FIREARMS,

               Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court referred to Magistrate Judge Charles E. Binder the plaintiff's motion to compel certain discovery from the defendants, namely, unredacted copies of reports that disclosed the names of individuals interviewed by the defendants, who were investigating the plaintiff and his application for restoration of his federal firearms license. The magistrate judge entered his order on December 9, 2005 denying the plaintiff's motion because he found that the information sought was not relevant to the only issue for which discovery has been allowed: the defendants' qualified immunity.

This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is

evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessmer City*, 470 U.S. 564, 573 (1985).

The plaintiff argues that he is entitled to discover the names of individuals interviewed by the defendants in their investigation of the plaintiff's application in order to determine whether the defendants were biased against him. The plaintiff argues that he should be allowed to explore fully the extent of the defendant's investigation and interview the witnesses himself in order to determine the presence or absence of their *bona fides*.

The defendants claim that this information is irrelevant to the qualified immunity defense, and the magistrate judge accepted that argument. The Court notes that the information actually may be helpful to the defendants in establishing their good faith, but possibly could be unavailable to them if the individuals interviewed did not come forward to confirm what they said; the defendants would likely not be permitted to offer information that they obtained from nameless, faceless, informants. Nonetheless, it is not the office of this Court to direct litigation strategy for either party, and based upon the scope of the qualified immunity defense outlined by this Court in its previous order, the Court accepts the magistrate judge's gloss on the relevancy of this evidence and its tendency to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

After reviewing the magistrate judge's order and submissions of the parties, the Court cannot say that the magistrate judge's order was clearly erroneous.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's order denying the plaintiff's discovery motion are **OVERRULED**.


Dated: February 6, 2006                    s/David M. Lawson
                                           DAVID M. LAWSON
                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS