UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS L. O'NEIL,

        Plaintiff,

v.

        Case Number 03-10001-BC
        Honorable Thomas L. Ludington

JEFFREY P. KISER, ROBERT
STUMPENHAUS, a/k/a Thomas Walker,

        Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On September 20, 2007, the Court granted Defendant Jeffrey Kiser and Robert Stumpenhaus' motion for summary judgment. On October 4, 2007, Plaintiff Thomas O'Neil filed a motion for reconsideration under E.D. Mich. LR 7.1(g). The case involves a variety of claims by Plaintiff, including an assertion of a violation of his constitutional rights, as permitted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), under the Fourth Amendment, due to allegedly malicious prosecution when a search warrant was executed.

E.D. Mich. LR 7.1(g) requires that a party seeking reconsideration show the existence of a palpable defect by which the Court has been mislead and that correcting the defect would result in a different disposition of the case. The party may not merely present the same issues already ruled on by the Court.

Here, Plaintiff asserts error by the Court on the following issues. First, he suggests that the Court erred because he bases his claim of malicious prosecution only on the illegal search of his home on August 5, 1997, not on actions subsequent to his indictment. Second, he notes that the Court misidentified Defendant Kiser, rather than Defendant Stumpenhaus, as the person with whom

Plaintiff met on April 22, 1997. From that point, he contends that, "even if Defendant Kiser mistakenly relied on Defendant Stumpenhaus' report for the information contained in the application for search warrant and arrest warrant of which [Plaintiff] complains, [Defendant] Stumpenhaus is not entitled to summary judgment for the deliberately false statements and material omissions in the reports made by him on which Defendant Kiser relied." *Pl. Motion for Reconsideration*, ¶ 11 [dkt #57]. Plaintiff then argues that Defendant Stumpenhaus could still be liable, based on the lack of probable cause for the search warrant, and Plaintiff recites several factual allegations[1] that he believes the Court has overlooked in its analysis. Ultimately, Plaintiff insists that Defendant Kiser could not have obtained a search and arrest warrant for Plaintiff, but for alleged misrepresentations and alleged omissions by Defendant Stumpenhaus, such as that Defendant Stumpenhaus did not tell Plaintiff that he wanted to make a bomb and that Plaintiff warned him against illegal activity.

Plaintiff's arguments regarding any purported omissions or misrepresentations in the affidavit supporting the search warrant overlook a critical fact – the charges for which the warrant issued. Notwithstanding the scrivener's error by the Court (in attributing the meeting of April 22, 1997 between Plaintiff and a confidential informant to Defendant Kiser, rather than to Defendant Stumpenhaus), the analysis remains unaffected. The search warrant issued for two counts: (1) possession of a firearm, in violation of 26 U.S.C. § 5861(d); and (2) transfer of a firearm, in

---

[1] These allegations include the following: (1) that Defendant Stumpenhaus told Plaintiff that he wanted to build fireworks that would make a noise; (2) that Defendant Stumpenhaus intended to proceed with making such fireworks, although Plaintiff allegedly warned that to do so without a license was illegal; (3) that Plaintiff delivered components for that purpose to Defendant Stumpenhaus' motel room; (4) that Plaintiff provided instructions for making a fireworks device; (5) that Plaintiff provided Defendant Stumpenhaus with a catalogue where he could allegedly purchase the relevant materials; (6) that Defendant Stumpenhaus signed a waiver form; (7) that Defendant Stumpenhaus denied that his signature was on that form; and (8) that Plaintiff provided Defendant Stumpenhaus with a receipt.

violation of 26 U.S.C. § 5861(e). As recited in the Court's order of September 20, 2007, Defendant Kiser's affidavit provided facts to support a finding of probable cause on those charges. *See Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979) (citations omitted); *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002); *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000). Thus, Plaintiff has not shown a palpable defect or a basis on which he might secure a different disposition.

On a final note, Plaintiff takes exception to the Court's recitation of one of his objections. Plaintiff suggests that, because questions of probable cause for a warrant generally go to the jury, the Court failed to provide a justification for not doing so in this case. Once again, Plaintiff's challenges to probable cause concern charges not advanced in the search warrant that issued. Regardless of the later indictment on additional charges for other offenses, the magistrate judge had probable cause to issue a warrant on the two firearms counts. Consequently, Plaintiff has merely presented the same issue previously ruled on by the Court.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [dkt #57] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 12, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 12, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS